UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANTHONY WATTS (#128796)  CIVIL ACTION NO.

VERSUS  22-251-JWD-EWD

STATE OF LOUISIANA, ET AL.

## ORDER

Plaintiff Anthony Watts ("Watts"), who is representing himself and who is now confined at the Catahoula Correctional Center in Harrisonburg, Louisiana, brought this suit on or about April 13, 2022, while incarcerated at the Livingston Parish Jail.[1] Watts initially filed a document titled "Emergency Writ of Habeas Corpus *2254.*" In this document, Watts complained that he was being denied access to the courts due to inadequacies at the Livingston Parish Jail.[2] Watts also requested that he be released from custody.[3] Watts then filed an amended petition noting that he was in jail as a pretrial detainee awaiting proceedings on a battery charge and that he was also serving a ninety-day sentence for "tickets" and possession of marijuana.[4] Watts's claim regarding denial of access to the courts is properly classified as a claim brought pursuant to 42 U.S.C. § 1983.[5] Because he seeks relief from custody, Watts may also be asserting a claim under 28 U.S.C. § 2241 and/or § 2254.[6]

---

[1] R. Doc. 1.
[2] R. Doc. 1, pp. 2-3. Specifically, Watts alleges that the Livingston Parish Jail does not have a law library, law books, inmate counsel, and other things that are useful in meaningfully accessing the courts.
[3] R. Doc. 1, p. 4.
[4] R. Doc. 3.
[5] The Court does not opine as to the viability of the denial of access to the courts claim, although it does not appear that Watts has stated sufficient facts to adequately plead that claim. To assert a claim for denial of access to the courts, a plaintiff must plead facts to demonstrate that he suffered some cognizable legal prejudice or detriment because of the defendant's actions, and that the defendant had an intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so. *See Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996); *Herrington v. Martin,* No. 09-785, 2009 WL 5178340, *2 (W.D. La. Dec. 23, 2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983"). *See also Williams v. Curtis,* No. 16-151, 2017 WL 979053, at *5 (N.D. Tex. Jan. 18, 2017) (to sufficiently plead an access to courts claim, a plaintiff must plead that official acts caused the loss of a meritorious case).
[6] "Section 2254 applies only to post-trial situations and affords relief to a petitioner in custody pursuant to the judgment of a state court. Pretrial petitions are properly brought under § 2241, which applies to persons in custody regardless

Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows parties to "join as many claims as it has against an opposing party." The official commentary of Rule 18 states, "it is emphasized that amended Rule 18(a) deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claims if fairness or convenience justifies separate treatment."[7] Rule 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and "any question of law or fact common to all defendants will arise in the action." Further, under Rules 18(a) and 20, if the claims arise out of the different transactions and do not involve all defendants, joinder should not be allowed.[8] In other words, in a multiparty case, if claim one is against five defendants and claim two is against only one of those defendants, joinder should not be allowed, unless all claims arose out of the same transaction and present common questions; if the claims arise from different transactions and do not involve all defendants, joinder should not be allowed.[9]

Further, severing unrelated claims brought by a prisoner is often warranted even if some claims involve related defendants because allowing several unrelated claims to proceed in one action would thwart the purposes of the Prison Litigation Reform Act ("PLRA").[10] Indeed, the

---

of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Stringer v. Williams,* 161 F.3d 259, 262 (5th Cir.1998) (internal quotation marks and citations omitted). Watts notes that, at the time of filing the Petition, he was in custody serving a ninety-day sentence for "tickets" and possession of marijuana and as a result of a pending charge for aggravated battery. R. Doc. 3, p. 2. Accordingly, it appears § 2254 applies to the extent he is complaining of incarceration because of the final judgment regarding the "tickets" and possession of marijuana. However, § 2241 applies to the extent he is complaining of pretrial detention on the aggravated battery charge.

[7] Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.
[8] *Shafer v. Davis*, No. 2:20-CV-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[9] 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[10] *See Spurlock v. Jones*, No. 16-01031, 2016 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), *judgment entered,* 2016 WL 7447843 (W.D. La. Dec. 22, 2016), and *aff'd,* 709 Fed.Appx. 293 (5th Cir. 2018) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the PLRA and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).

Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision.[11]

Here, Watts should not be allowed to raise claims in this case concerning conditions of confinement, requesting release, and those related to denial of access to courts. "In light of the PLRA provisions…, to continue the practice of allowing joinder of claims which are not in compliance with Rule 18 and Rule 20 would be to defeat, or at least greatly dilute, the clear intent of the fee payment and three strikes provisions of the statute."[12] Severance is particularly important here because the applicable filing fee is different for habeas cases and for civil rights cases under 42 U.S.C. § 1983.[13] Accordingly,

**IT IS ORDERED** that Watts's claim regarding denial of access to the courts be **SEVERED** from this action. The Clerk of Court is directed to file R. Docs. 1 and 3 in a new civil case as an action brought pursuant to 42 U.S.C. § 1983, along with a copy of this Order. Only Watts's claims for release from custody under either 28 U.S.C. § 2241 and/or § 2254 will proceed in this.

Signed in Baton Rouge, Louisiana, on January 11, 2023.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions.").
[12] *Rosin v. Thaler*, No. 10-4436, 2012 WL 12991036, at *1 (S.D. Tex. Jan. 7, 2012) (internal quotation marks and citations omitted).
[13] The filing fee for a habeas case is $5.00, while a civil rights case has a filing fee of $350.00.